IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE G. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) · | |
| v. | ) | CV 126-105 |
| | ) | |
| WALTON RESIDENTIAL SERVICES; | ) | |
| KISHA CAREY-SPANN; JACQULYN | ) | |
| MIMS; CHRISTIS MIMS; JESSICA | ) | |
| JACKSON; USAA GENERAL | ) | |
| INDEMNITY COMPANY; LASHANDA | ) | |
| CARLOS; CHASSIE (USAA); ASHLEY | ) | |
| (USAA); VICTORIA LOMBRANA; | ) | |
| REBECCA ANDERSON; DIANA | ) | |
| MOSLEY; BROOKS K. HUDSON; | ) | |
| LUCY JACKSON BELL; THOMAS B. | ) | |
| "BRITT" HAMMOND; THE GEORGIA | ) | |
| OFFICE OF COMMISSIONER OF | ) | |
| INSURANCE; JOHN F. KING; and | ) | |
| MENASE ZEWDE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 8.) The Magistrate Judge recommended this case be dismissed because Plaintiff's § 1983, § 1985(3), Americans with Disabilities Act, and Fair Housing Act claims were time-barred, and he could not bring a False Claims Act *pro se*. (See doc. no. 6, pp. 8-18.) Because Plaintiff failed to state a federal claim, the Magistrate Judge recommended his state law bad faith breach of

insurance contract claim be dismissed without prejudice. (Id. at 18-20.) Plaintiff's objections are meritless, but one aspect of his objections concerning timeliness warrants brief comment.

Plaintiff argues the Magistrate Judge improperly calculated the statute of limitations for the claims determined to be time-barred. (Doc. no. 8, pp. 2-3.) In particular, he contends his complaint was timely filed under Federal Rule of Civil Procedure 6 because the Magistrate Judge should have excluded the May 29, 2024 "triggering event" when calculating the limitations period. (Id. at 2.) By Plaintiff's logic, the applicable two-year limitations period for each claim thus began running on May 30, 2024, and because May 30, 2026 fell on a Saturday, his complaint filed June 1, 2026, the next business day, is timely. (Id. at 2-3.)

Plaintiff's argument misunderstands the calculation of dates under Rule 6(a)(1). Rule 6 provides:

> (1) When the period is stated in days or a longer unit of time:
> (A) exclude the day of the event that triggers the period;
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1).

Under Rule 6, "when a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act." Ferrante v. Rexroat, No. 1:20-CV-92, 2021 WL 4464440, at *3 (N.D. Fla. July 29, 2021), *adopted by* 2021 WL 4458958 (N.D. Fla. Sept. 29, 2021). The described anniversary rule states, "[t]he statute of limitations expires on the anniversary of the date of the accrual of the claim, in whichever year is prescribed under the applicable statute of limitations." Id. at *2.

Based on the foregoing principle, the Magistrate Judge correctly used May 29, 2024, as the starting point for his statute of limitations analysis. As set forth in the Report and Recommendation, May 29, 2024, is the date on which Plaintiff's time-barred claims accrued. (See doc. no. 6, pp. 8-18.) Accordingly, the two-year anniversary of this accrual date is May 29, 2026, and Plaintiff's claims, filed on June 1, 2026, are time-barred. (See id.) For this reason, the Magistrate Judge did not err in failing to consider May 30, 2024, as the beginning date for the statute of limitations analysis for any of the time-barred claims. See Fisher v. City of Montgomery, No. 2:10-CV-189, 2011 WL 1706501, at *1 (M.D. Ala. May 5, 2011) (rejecting plaintiff's argument that the triggering event date is excluded in calculating statute of limitations and concluding plaintiff's claims, filed one day after the "two-year anniversary of 'Day 0'" were time-barred).

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Plaintiff's complaint for failure to state a federal claim upon which relief may be granted, **DISMISSES** any potential state law claims without prejudice, and **CLOSES** this civil action.

SO ORDERED this 3rd day of August, 2026, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA